UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
: C.R. NO.: 07-00098-001ML
VS. :
:
REYNALDO CRUZ :

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR DOWNWARD DEPARTURE

The Pre-Sentence investigation report for this matter was prepared on November 30, 2007. This report on page 9 indicated an offense level of 25 and a criminal history category of I, resulting in a guideline range of 57 to 71 months. Defendant argues for a downward departure form this range based on the sentencing factors enumerated in 18 U.S.C § 3553 in light of decision by the Supreme Court of the United States in United States v. Booker, 125S. Ct. 738 (2005)(holding the federal sentencing guidelines are no longer binding on federal sentencing courts and sentences, therefore, will be reviewed on appeal under a standard of reasonableness) and based on U.S.S.G. § 4A1.3(b)(1).

18 U.S.C. § 3553 (a) mandates that "the court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) subsection." (Emphasis added) The bolded language clearly delineates that the court is constrained to impose the minimum sentence that will comply with the following purposes: the need for the sentence imposed:

(a) to reflect the seriousness of the offense, the promote respect for the law, and to provide just punishment for the offense;

(b) to afford adequate deterrence to criminal conduct;

(c ) to protect the public from further crimes of the defendant; and

(d) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Also, under 18 U.S.C. § 3553 (a)(1) the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

The defendant's situation reveals the involvement of what could be considered that of a middleman. Certainly, it does not appear that this defendant profited in any significant or substantial sense from his crime involvement. The unfortunate reality of the instant situation is deportation once the defendant's incarceration concludes. Mr. Cruz has been in this country since 1986, and has four biological children ages, 21, 18, 13 and 12 who he will not be able to live with.

As the Pre-Sentence Report notes Mr. Cruz has a history of high blood pressure and has had to be hospitalized at Pawtucket Memorial Hospital while in prison. He does take prescribed medications which include Metoprol and Enalapril.

The defendant respectfully asserts that if this Honorable Court were to depart downward from the recommended guideline range it would not represent a travesty of justice or any concern for society at large. The cost of incarceration with the added cost of medical treatment for this defendant warrants a downward departure of at least two levels.

/s/ Joseph J. Voccola
Joseph J. Voccola, Esq. (Bar #4132)
Law Offices of Joseph J. Voccola
454 Broadway
Providence, RI 02909
(401) 751-3900
(401) 751-8983 (Fax.)

CERTIFICATION

I hereby certify that a true copy of the within was electronically filed to the United States District Court, District of Rhode Island, Office of the Clerk, www.rid.courts.gov and to Mary E. Rogers, Assistant U.S. Attorney, mary.rogers@usdoj.gov on this 6th day of December 2007.

/s/ Joseph J. Voccola
Joseph J. Voccola, Esq. (Bar #4132)
Law Offices of Joseph J. Voccola
454 Broadway
Providence, RI 02909
(401) 751-3900
(401) 751-8983 (Fax.)