IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR-07-098ML |
| REYNALDO CRUZ | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

Pursuant to the plea agreement, the government recommends a sentence of 57 months imprisonment. A sentence of 57 months is appropriate given the nature of the offense, the need to promote respect for the law, the need to protect the public, and the need to deter criminal misconduct.

The defendant has filed a motion for a downward departure; however, in reviewing that motion it appears as though the motion is more appropriately characterized as a motion for a variance from the guideline range. The defendant argues that a sentence of 57 months imprisonment is greater than necessary because of the defendant’s health, the defendant’s immigration status, and because the defendant did not profit significantly from his drug dealing.

Despite these arguments, the facts of this case warrant a sentence of 57 months imprisonment. The defendant possessed 100 grams of crack cocaine, a quantity of narcotics with a street

value in excess of $3,000. In addition, another $3,139 in cash was seized from the defendant's residence and person even though he appears to have unreliable and unverified employment. At the defendant's residence, the detectives seized various items of drug paraphernalia evidencing the manufacture of narcotics and narcotics trafficking, including a drug ledger listing names and drug weights. From these facts, the Court can conclude that the defendant is more than a street corner dealer.

The defendant was conducting his narcotics business out of an apartment in which his wife and four children resided, jeopardizing not only his neighbors, but his own family. According to the search warrant affidavit, the defendant prepared large quantities of cocaine for sale at the residence he shared with his family. The defendant also sold cocaine at his residence. The seizure of the money, the acetone, the cutting agent, and the ledger from the defendant's residence confirmed that the defendant used his family residence for his distribution activities. This placed his children in jeopardy, not only from the substances themselves, but from the types of individuals who would have bought narcotics from the defendant.

Given the facts of this case, a sentence of 57 months is necessary to protect society and to deter future misconduct by

this defendant and others contemplating drug trafficking as a livelihood.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On December 12, 2007, I caused the within "Government's Sentencing Memorandum" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Joseph J. Voccola
454 Broadway
Providence, Rhode Island 02909

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov